# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 21-414V
UNPUBLISHED

| | |
|---|---|
| ALEXIS TEAGUE,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: July 5, 2022<br><br>Show cause; Failure to prosecute; Influenza Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*David J. Carney*, Green & Schafle LLC, Philadelphia, PA, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## **DECISION**[1]

On January 8, 2021, Alexis Teague filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") from an influenza vaccine she received on January 9, 2020. ECF No. 1. Due to Petitioner's failure to prosecute her claim, this case is **DISMISSED**.

### Relevant Procedural History

In the petition, Petitioner alleged that she suffered a shoulder injury from an influenza vaccination but did not provide any medical history for treatment of the injury. ECF No. 1. Petitioner did not submit any supporting documentation with the petition.

On February 2, 2021, the PAR Initial Order issued requiring Petitioner to file her statutorily required supporting documentation, including medical records and her affidavit. ECF No. 5. On June 14, 2021, Petitioner filed an amended petition, an affidavit, medical records, and a Statement of Completion. ECF Nos. 6-9. The amended

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petition added a medical history of treatment for Petitioner's injured shoulder through January 29, 2020. ECF No. 6. After a Pre-Assignment review of Petitioner's filings, the June 21, 2021 order issued requiring Petitioner to file medical records to satisfy the severity requirement, i.e., that her shoulder injury persisted for more than six months or resulted in inpatient hospitalization and surgical intervention. ECF No. 10.

On July 29, 2021, Petitioner's counsel filed a status report advising that Petitioner "has been unresponsive to repeated emails, phone calls and certified letters since the filing of this case. For those reasons, Petitioner's counsel has been unable to file the requisite additional medical records pursuant to the Court's most resent Order. Petitioner's counsel would respectfully request another sixty (60) days to pursue additional efforts to reach his client so that this case can be properly prosecuted. If Petitioner's counsel is unsuccessful at that time communicating with his client, Petitioner's counsel would be amenable to the Court taking the necessary steps to dismiss this claim without prejudice based on Petitioner's failure to stay in contact with counsel." ECF No. 11. By a July 30, 2021 non-pdf order, Petitioner's counsel was granted an additional 60 days to contact his client to continue prosecuting this case and comply with the Court's orders.

On September 28, 2021, Petitioner's counsel filed a status report indicating that Petitioner "has been unresponsive to repeated emails, phone calls and certified letters since the filing of this case." ECF No. 13.  Counsel requested that a show cause order issue so that he can forward the order to Petitioner. If Petitioner continues to be unresponsive, counsel requested that he be granted leave to file a "motion to dismiss the petition without prejudice." *Id.*

On November 2, 2021, I issued an Order to Show Cause directly Petitioner's counsel to serve the order on Petitioner and that the case would be dismissed for failure to prosecute if Petitioner did not file the outstanding medical records or otherwise respond to the order. ECF No. 14.

On January 4, 2022, Petitioner's counsel filed a response to the Order to Show Cause citing Petitioner's continued unresponsiveness as the reason for not being able to file the outstanding medical records. ECF No. 15. Counsel slightly modified his earlier statements regarding Petitioner's responsiveness indicating that "Petitioner was responsive prior to the filing of the initial petition and amended petition," i.e., prior to June 14, 2021. *Id.* Counsel confirmed that the Order Show Cause was served on Petitioner's last known mailing address. Without citing any authority, counsel requested that he be granted leave to file a "Motion to Dismiss the Petition without prejudice for failure of Petitioner to communicate with Petitioner's attorney of record." *Id.*

## Grounds for Dismissal

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling

precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in my November 2, 2021 Order to Show Cause that her failure to follow orders issued in this matter (and failure to communicate with her counsel which prevents compliance with those order) risked dismissal of the claim. As noted in the response to the Order to Show Cause, Petitioner has been out-of-touch with her counsel since the filing of the amended petition in June 2021. Because Petitioner has continued to disregard my orders, without justification or explanation, dismissal is now appropriate.

Petitioner's counsel has repeatedly requested that I dismiss this case without prejudice in the absence of Petitioner's consent. However, a vaccine case can only be dismissed <u>without</u> prejudice under the procedure for voluntary dismissal pursuant to Vaccine Rule 21(a). A petitioner may voluntarily dismiss the petition by filing "(A) a notice of dismissal at any time before service of respondent's report; or (B) a stipulation of dismissal signed by all parties who have appeared in the action." Vaccine Rule 21(a)(1). Petitioner has not filed a notice of dismissal or stipulation of dismissal. Moreover, due to the lack of communication since the petition was filed, Petitioner's counsel admittedly does not have Petitioner's consent to seek voluntary dismissal, or he would have done so pursuant to Vaccine Rule 21(a). Without having Petitioner's consent to voluntarily dismiss the case, the case can only be involuntarily dismissed pursuant to Vaccine Rule 21(b) for failure to prosecute. Involuntarily dismissal is <u>with</u> prejudice and judgment will enter. Vaccine Rule 21(b)(2).

**Accordingly, this case is DISMISSED for failure to prosecute. The clerk shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."